Filed 2/26/21  P. v. Valdez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE LUIS VALDEZ,<br><br>    Defendant and Appellant. | D078240<br><br><br><br>(Super. Ct. No. SCE333769) |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Jose Luis Valdez, in pro. per.; and Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2015, a jury convicted Jose Luis Valdez of one count of first degree murder (Pen. Code,[1] § 187, subd. (a)); one count of second degree murder (§ 187, subd. (a)); and one count of conspiracy to commit murder (§ 182, subd. (a)(1)).  The jury found true an allegation that Valdez personally and

---

[1]    All further statutory references are to the Penal Code.

intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). Valdez was sentenced to an indeterminate term of 65 years to life plus life without parole.

Valdez appealed, and in 2017, this court affirmed the judgment in an unpublished opinion. (*People v. Valdez* (Jan. 31, 2017, D068994) [nonpub. opn.].)[2]

In September 2020, Valdez filed a petition for resentencing under section 1170.95.

In October 2020, the court denied the petition in a written order. The court stated it had reviewed the record of conviction as well as this court's opinion in *People v. Valdez, supra,* D068994. The court found Valdez was the actual killer and therefore had not made a prima facie showing of entitlement to relief.

Valdez has filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Valdez the opportunity to file his own brief on appeal, and Valdez has filed a lengthy supplemental brief which we will discuss below.

## STATEMENT OF FACTS

The facts of the offenses have been fully set forth in our prior opinion. (*People v. Valdez, supra,* D068994.) We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court, and in

---

[2] We grant counsel's request to take judicial notice of our prior opinion.

compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has listed the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Did the trial court err in denying appellant's petition for resentencing pursuant to section 1170.95;

2. Did the court err in considering the record of appellant's conviction, and is any error harmless; and

3. Did the trial court err in denying appellant's request for appointment of counsel, and is any error harmless?

Valdez has submitted a supplemental letter brief. He has attached copies of documents already in the record. He freely admits he was the actual killer in both murder cases. Based on his interpretation of section 1170.95, he argues it does not matter because his petition states a prima facie case for relief. Valdez claims he was prosecuted on a felony murder theory and a natural and probable consequence theory. Both contentions are not supported by the record. He was the actual killer in two gang-related murders. He was not charged with or tried as an aider and abettor. The only reference to natural and probable consequences in the record is in a jury instruction regarding murder discussing malice arising from the perpetrator's own acts which would give rise to a risk of death. Such instruction has nothing to do with the modification to sections 188 and 189 regarding accomplice liability. In short, Valdez's brief has not identified any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Valdez on this appeal.

DISPOSITION

The order denying Valdez's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


DATO, J.